# U.S. District Court
## District of New Hampshire (Concord)
## CIVIL DOCKET FOR CASE #: <u>1:26–cv–00226–SM–TSM</u>

Collier v. NH, State of

Assigned to: Judge Steven J. McAuliffe

Referred to: US Magistrate Judge Talesha L. Saint–Marc

Cause: 28:1983 Civil Rights

Date Filed: 03/26/2026

Jury Demand: Plaintiff

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: Federal Question

**<u>Plaintiff</u>**

**Randall Collier**

represented by **Randall Collier**
26 Joslin Rd.
Surry
Surry, NH 03431
603 803–2648
Email: <u>042611t@gmail.com</u>
PRO SE

V.

**<u>Defendant</u>**

**NH, State of**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/26/2026 | <u>1</u> | COMPLAINT against NH, State of filed by Randall Collier. (Attachments: # <u>1</u> Corrected Complaint, # <u>2</u> Envelope) (mc) (Entered: 03/31/2026) |
| 03/26/2026 | <u>2</u> | MOTION to Proceed Without Prepayment of Fees or Costs filed by Randall Collier.(mc) (Entered: 03/31/2026) |
| 03/26/2026 | <u>3</u> | Motion to Participate in Electronic Filing filed by Randall Collier. (Attachments: # <u>1</u> Corrected Motion)(mc) (Entered: 03/31/2026) |
| 03/26/2026 | | Case assigned to Judge Steven J. McAuliffe and US Magistrate Judge Talesha L. Saint–Marc. The case designation is: 1:26–cv–226–SM–TSM. Please show this number with the judge designation on all future pleadings. (mc) (Entered: 03/31/2026) |
| 03/31/2026 | | NOTICE. This case has been designated for Electronic Case Filing. All further submissions shall be filed in compliance with the Administrative Procedures for Electronic Case Filing. Pro se litigants are not required to file electronically and may continue to file documents in paper format. Persons filing electronically are strongly encouraged to complete the interactive training modules available on the courts website. To access these modules, click <u>HERE</u>. (mc) (Entered: 03/31/2026) |
| 03/31/2026 | | **ENDORSED ORDER granting <u>2</u> Application to Proceed Without Prepayment of Fees or Costs.** *Text of Order: Plaintiff's request to proceed without prepayment of fees or costs is hereby granted, but only for the purpose of waiving the filing fee.* **So Ordered by US Magistrate Judge Talesha L. Saint–Marc. (mc)** (Entered: |

| | | |
|---|---|---|
| | | 03/31/2026) |
| 03/31/2026 | | **ENDORSED ORDER granting 3 Motion to Participate in Electronic Filing.** *Text of Order: Granted.* **So Ordered by US Magistrate Judge Talesha L. Saint–Marc. (mc)** (Entered: 03/31/2026) |
| 04/10/2026 | 4 | MOTION to Issue Immediate Injunction and Protective Order filed by Randall Collier.(lw) (Entered: 04/14/2026) |
| 04/20/2026 | | **ENDORSED ORDER 4 MOTION to Issue Immediate Injunction and Protective Order.** *Text of Order: Plaintiff has moved for preliminary injunctive relief under Fed. R. Civ. P. 65 (Doc. No. 4). The magistrate judge is designated to consider that request and, if necessary, to conduct a hearing on that motion. The magistrate judge shall file proposed findings and recommendations with the court. See 28 U.S.C. § 636(b)(1)(B).* **So Ordered by Judge Steven J. McAuliffe.(lw)** (Entered: 04/20/2026) |
| 04/23/2026 | 5 | **REPORT AND RECOMMENDATION re: 1 Complaint, 4 Motion to Issue Immediate Injunction and Protective Order. The district judge should issue an Order of Remand, remanding Collier's state cases listed in his Notice of Removal (Doc. Nos. 1, 1–1) to the State courts, pursuant to 28 U.S.C. § 1447(c) and 28 U.S.C. § 1455(b)(4). The district judge should deny Collier's motion for a preliminary injunction (Doc. No. 4). Follow up on Objections to R&R on 5/7/2026. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). So Ordered by US Magistrate Judge Talesha L. Saint–Marc.(lw)** (Entered: 04/24/2026) |
| 04/23/2026 | 6 | **ORDER.** *Accordingly, this court hereby grants Collier thirty days from the date of this Order to file an "Amended Complaint" (not a removal notice), naming each party he intends to sue as a defendant, if any, and stating the facts upon which he seeks relief as well as the nature of the relief sought. This court may subject that Amended Complaint to preliminary review, as appropriate, considering all the bases for dismissal allowed under 28 U.S.C. § 1915(e), LR 4.3(d), and other authorities. If Collier fails to file an Amended Complaint and does not file a timely motion to extend the thirty–day deadline, this court may deem his failure to do so as grounds for dismissal of his claims, without prejudice to his ability to litigate matters in any court with jurisdiction.* **So Ordered by US Magistrate Judge Talesha L. Saint–Marc. Amended Pleadings due by 5/26/2026.(lw)** (Entered: 04/24/2026) |
| 04/27/2026 | 7 | EMERGENCY MOTION for Preliminary Injunction and Temporary Restraining Order filed by Randall Collier.(lw) (Entered: 04/28/2026) |
| 04/27/2026 | 8 | OBJECTION to 5 Report and Recommendation filed by Randall Collier. (lw) (Entered: 04/28/2026) |
| 04/27/2026 | 9 | AMENDED COMPLAINT with Jury Demand against NH, State of filed by Randall Collier.(lw) (Entered: 04/28/2026) |
| 04/30/2026 | 10 | **///ORDER approving 5 Report and Recommendation; denying 4 Motion to Issue Immediate Injunction and Protective Order. So Ordered by Judge Steven J. McAuliffe.(lw)** (Entered: 04/30/2026) |
| 04/30/2026 | | **ENDORSED ORDER re: 7 EMERGENCY Motion for Preliminary Injunction and Temporary Restraining Order.** *Text of Order: The motion for a temporary restraining order and preliminary injunction appears, in substance, to reiterate the arguments presented earlier. At any rate, petitioners state cases, improperly removed* |

| | | |
|---|---|---|
| | | *to this court, have contemporaneously been ordered remanded to the states courts, for the reasons explained by the Magistrate Judge. His amended complaint will be reviewed in due course.* **So Ordered by Judge Steven J. McAuliffe.(lw)** (Entered: 04/30/2026) |
| 05/04/2026 | 11 | MOTION for Reconsideration re: 10 Order on Report and Recommendation filed by Randall Collier. (Attachments: # 1 Supplemental Notice in Support of Motion for Reconsideration)(lw) (Entered: 05/06/2026) |
| 05/04/2026 | 12 | Notice of Supplemental Authority in Support of pending 9 Amended Complaint by Randall Collier. (lw) (Entered: 05/06/2026) |
| 05/11/2026 | 13 | NOTICE of ERRATA re: 11 Motion for Reconsideration, 12 Notice of Supplemental Authority by Randall Collier.(lw) (Entered: 05/12/2026) |
| 05/12/2026 | | **ENDORSED ORDER denying 11 Motion for Reconsideration. *Text of Order: Denied.* So Ordered by Judge Steven J. McAuliffe.(lw)** (Entered: 05/12/2026) |
| 05/13/2026 | 14 | NOTICE OF INTERLOCUTORY APPEAL as to 10 Order on Report and Recommendation, Order on Motion to Issue Immediate Injunction and Protective Order; Endorsed Order on Motion for Reconsideration, by Randall Collier. File−stamped copy to be sent to parties/USCA by Clerks Office.(lw) (Entered: 05/14/2026) |
| 05/14/2026 | 15 | Appeal Cover Sheet as to 14 Notice of Interlocutory Appeal, filed by Randall Collier. (lw) (Entered: 05/14/2026) |
| 05/14/2026 | 16 | Clerk's Certificate transmitting Record on Appeal to US Court of Appeals, documents numbered 5, 10, 5/12/26 Endorsed Order, 14, 15 & 16, re: 14 Notice of Interlocutory Appeal. (lw) (Entered: 05/14/2026) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

APPEAL COVER SHEET

1.    USDC/NH Case No. 26-cv-226-SM

2.    TITLE OF CASE: Randal Collier v. State of N.H.

3.    TYPE OF CASE: Civil

4.    NAME OF APPELLANT(S) & COUNSEL FOR APPELLANT(S):
      See certified copy of docket (ECF registered users not provided with a copy of docket)

5.    NAME OF APPELLEE(S) & COUNSEL FOR APPELLEE(S):
      See certified copy of docket (ECF registered users not provided with a copy of docket)

6.    NAME OF JUDGE: Judge Steven McAuliffe

7.    DATE OF JUDGMENT OR ORDER ON APPEAL: April 30, 2026 & May 12, 2026

8.    DATE OF NOTICE OF APPEAL: **May 13, 2026**

9.    FEE PAID or IFP: NO

10.   COURT APPOINTED COUNSEL: NO

11.   COURT REPORTER(S):   and DATES: N/A

12.   TRANSCRIPTS ORDERED/ON FILE: NO

13.   HEARING/TRIAL EXHIBITS: NO

14.   MOTIONS PENDING: NO

15.   GUIDELINES CASE:

16.   RELATED CASES or CROSS APPEAL:

17.   SPECIAL COMMENTS: **No** Appeal filing fee paid.   **No** Application to Proceed IFP on

      Appeal filed with the court.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Randall Collier

    v.                        No. 26-cv-226-SM

NH, State of


CLERK'S CERTIFICATE TO
CIRCUIT COURT OF APPEALS

    I, Lianne Wagner, Deputy Clerk of the United States District Court for the District of New Hampshire, do hereby certify that the following documents constitute the record on appeal to the First Circuit Court of Appeals:

    DOCUMENTS NUMBERED: 5, 10, 5/12/26 Endorsed Order, 14, 15 & 16

    The Clerk's Office hereby certifies the record and docket sheet available through ECF to be the certified record and the certified copy of the docket entries.


IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of said Court, at Concord, in said District, on this day, May 14, 2026

**Tracy Uhrin, Clerk**

**By: /s/ Lianne Wagner, Deputy Clerk**

**May 14, 2026**


cc:  Randall Collier, pro se

*Collier v. State of New Hampshire, et al. — Case No. 1:26-cv-00226-SM-TSM*

FILED - USDC -NH
2026 MAY 13 PM 3:00

Randall Collier
26 Joslin Rd
Surry, New Hampshire 03431
Phone: (603) 803-3648
Email: 042611t@gmail.com
*Sui Juris, Pro Se, All Rights Reserved*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

RANDALL COLLIER,
    Plaintiff-Appellant,
v.
STATE OF NEW HAMPSHIRE, ET AL.,
    Defendants-Appellees.

**Case No. 1:26-cv-00226-SM-TSM**

### NOTICE OF APPEAL
*Pursuant to Fed. R. App. P. 3 and 4*
*28 U.S.C. § 1291*

**1.** Notice is hereby given that Plaintiff Randall Collier, Sui Juris, Pro Se, All Rights Reserved, hereby appeals to the United States Court of Appeals for the First Circuit from the following orders entered in the above-captioned action:

**2.** The Order of the Honorable Steven J. McAuliffe, United States District Judge, dated April 30, 2026, approving the Report and Recommendation of Magistrate Judge Talesha L. Saint-Marc dated April 23, 2026, remanding the referenced state cases, and denying Plaintiff's Motion for Preliminary Injunction (Doc. No. 7);

**3.** The Order of the Honorable Steven J. McAuliffe, United States District Judge, dated May 12, 2026, denying Plaintiff's Motion for Reconsideration filed pursuant to Fed. R. Civ. P. 59(e) and 60(b) (Doc. No. 11);

**4.** And all underlying and interlocutory orders, rulings, and decisions that merged into or led to the above-referenced orders.

**5.** This appeal is taken pursuant to 28 U.S.C. § 1291, which grants the courts of appeals jurisdiction over appeals from all final decisions of the district courts. The denial of the Motion for Reconsideration on May 12, 2026, constitutes a final decision for purposes of appellate jurisdiction.

**6.** This Notice of Appeal is timely filed within the 30-day period prescribed by Fed. R. App. P. 4(a)(1)(A). The order denying the Motion for Reconsideration was entered on May 12, 2026. This Notice is filed on May 13th, 2026.

**7.** The issues Plaintiff-Appellant intends to raise on appeal include, but are not limited to:

(a) Whether the District Court failed to conduct de novo review as mandated by 28 U.S.C. § 636(b)(1)(C) when it adopted the R&R in a one-paragraph order without addressing any of Plaintiff's five specific objections;

(b) Whether the District Court erred in denying the preliminary injunction without conducting any Winter v. NRDC analysis and without citing a single case, statute, or legal authority;

(c) Whether the District Court erred in denying the Motion for Reconsideration without addressing any of the grounds raised, including Monell liability, the federal debarment framework under Executive Order 12549, the legislative record admissions, and the distinction from Collier v. Carroll, No. 24-1657 (1st Cir. 2024);

(d) Whether Rooker-Feldman and Younger abstention were misapplied to Plaintiff's independent structural constitutional challenge to the Title IV-D administrative adjudication scheme, in light of Axon Enterprise, Inc. v. FTC, 598 U.S. 175 (2023), and Skinner v. Switzer, 562 U.S. 521 (2011);

(e) Whether the Title IV-D administrative adjudication scheme, as operated through the New Hampshire Family Division, violates the Due Process Clause of the Fourteenth Amendment, the Seventh Amendment right to jury trial, and Article III separation of powers principles, under SEC v. Jarkesy, 603 U.S. 109 (2024), and Loper Bright Enterprises v. Raimondo, 144 S. Ct. 2244 (2024);

(f) Whether the District Court's repeated failure to provide any legal reasoning or analysis in its orders deprived Plaintiff of due process and meaningful appellate review;

(g) Such other issues as may become apparent upon review of the complete record on appeal.

**8.** Plaintiff-Appellant notes that his Amended Complaint, filed April 27, 2026, remains pending before the District Court and has not been screened on the merits. This appeal pertains to the orders identified in paragraphs 2 and 3 above and does not divest the District Court of jurisdiction over the pending Amended Complaint.

**9.** Plaintiff-Appellant is proceeding pro se and in forma pauperis. Plaintiff respectfully requests that the filing fee be waived or that leave to proceed in forma pauperis on appeal be granted pursuant to Fed. R. App. P. 24(a).

Respectfully submitted,

RANDALL COLLIER   DATE: May 13th, 2026
Randall Collier
*Sui Juris, Pro Se, All Rights Reserved*
26 Joslin Rd
Surry, New Hampshire 03431
Phone: (603) 803-3648
Email: 042611t@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, a true and correct copy of the foregoing NOTICE OF APPEAL was served Under Fed. R. App. P. 3(d), to the clerk of NH District Court, and upon the Clerk of the United States Court of Appeals for the First Circuit. Notice to agent is notice to principal. Notice to principal is notice to agent.

**CLERK, U.S. COURT OF APPEALS FOR THE FIRST CIRCUIT**
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

**CLERK, U.S. DISTRICT COURT, DISTRICT OF NEW HAMPSHIRE**
55 Pleasant Street
Concord, NH 03301

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

RANDALL COLLIER

        v.                                  Case No. 26-cv-226-SM-TSM

STATE OF NEW HAMPSHIRE[1]

**<u>REPORT AND RECOMMENDATION</u>**

Before the court is pro se litigant Randall Collier's initial filing and an addendum to that filing (Doc. Nos. 1, 1-1), both entitled, "Notice of Removal." Appearing here in forma pauperis, Collier seeks to remove his state court cases and to obtain injunctive relief relating to those matters. Collier's "Notice of Removal" is before this court for preliminary review under 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2). Also before this court is Collier's motion "to issue an immediate injunction and protective order against all State of New Hampshire actors, agents, law enforcement, circuit court referees, [and] executive administrators" (<u>Doc. No. 4</u>). The district judge referred that motion to the magistrate judge for a Report and Recommendation. <u>Apr. 20, 2026</u> Order.

For the foregoing reasons, removal jurisdiction is absent, and a summary remand of each state case is warranted. The <u>Rooker-Feldman</u> doctrine and <u>Younger</u> abstention doctrine provide additional grounds for the district judge to deny Collier's motion for a preliminary injunction (<u>Doc. No. 4</u>). The Order issued on this date grants Collier thirty days to file an "Amended Complaint"

---

[1] The last page of Collier's "Notice of Removal" lists entities and people who appear to be participants in his state cases including the courts themselves. Those listed are: the N.H. Circuit Court, 4th Circuit, Family Division-Laconia; N.H. Circuit Court, 8th Circuit, Family Division-Keene and District Division-Keene; N.H. Superior Court, Cheshire County; New Hampshire Supreme Court ("NHSC"); Hillary May; Tarbell and Brodich P.A.; Attorney Duncan A. Edgar, N.H. Attorney General's Office; Attorney Dennis J. Thiverge, N.H. State Police; Attorney Kimberly A. Kossick, Cheshire County Attorney's Office; and Attorney Thomas M. Rogers. It is unclear whether Collier intends to name any of those people and entities as defendants here.

(not a removal notice), naming each party he intends to sue as a defendant in a federal civil rights action, if any, and stating the facts upon which he asserts federal claims for relief as well as the nature of the relief sought. This court may subject that Amended Complaint to further preliminary review, as appropriate, and for that reason, this R&R, if approved, will not end this case.

## BACKGROUND

Collier's state cases relate to child custody, child support, domestic violence, and protective orders. He is the defendant in state criminal cases involving charges that he violated a protective order. The Notice of Removal (Doc. No. 1) lists Collier's state proceedings, in which he is the defendant or respondent, as well as cases in which he is the petitioner or plaintiff.[2]

---

[2] The following is Collier's list of proceedings to be removed or enjoined, sorted by case type:

**New Hampshire Supreme Court Cases:**

- Collier v. 4th Cir. Ct. Fam. Div., No. 2025-0423 (N.H.) (Collier's appeal of Collier v. 4th Cir. Ct. Fam. Div., No. 213-2025-cv-00077 (N.H. Super., Cheshire Cty.));

- Petition of Collier, No. 2026-0122 (N.H.) (Collier's Rule 11 Petition for original jurisdiction seeking review of matters in State v. Collier, No. 213-2025-cr-00431 (N.H. Super., Cheshire Cty.); State v. Collier, No. 213-2026-cr-00021 (N.H. Super., Cheshire Cty.); State v. Collier, No. 449-2025-cr-00776 (N.H. Cir. Ct., 8th Cir., Dist. Div.-Keene); State v. Collier, No. 449-2025-cr-01147 (N.H. Cir. Ct., 8th Cir., Dist. Div.-Keene); In re State, May & Collier, No. 649-2025-dm-00255 (N.H. Cir. Ct., 8th Cir., Family Div.-Keene)).

**Proceedings in N.H. Circuit Courts, District and Family Divisions:**

- In the Matter of State, May & Collier, No. 649-2025-dm-00255 (N.H. Cir. Ct., 8th Cir., Family Div.-Keene);

- In the Matter of May & Collier, No. 650-2013-dm-00010 (N.H. Cir. Ct., 4th Cir., Family Div.- Laconia);

- In the Matter of May & Collier, No. 650-2013-dv-00016 (N.H. Cir. Ct., 4th Cir., Dist. Div.-Laconia).

Collier has been an active litigant in federal court relating to the same matters. He filed three prior federal court cases in the District of New Hampshire seeking to enjoin or challenge state court orders issued in related state family court proceedings. Those cases were dismissed for lack of jurisdiction and the immunity of the state judges, courts, and other defendants. See Collier v. N.H. Cir. Ct., Fam. Div., No. 25-cv-036-SE-TSM, 2025 U.S. Dist. LEXIS 73260 (D.N.H. Mar. 24, 2025) (ECF No. 5), R&R approved, 2025 U.S. Dist. LEXIS 72762 (D.N.H. Apr. 16, 2025) (ECF No. 8) (dismissed for lack of jurisdiction); Collier v. Carrol, No. 24-cv-015-JL-AJ, 2024 WL 3239637, 2024 U.S. Dist. LEXIS 117733 (D.N.H. May 15, 2024) (ECF No. 13), R&R approved, 2024 WL 3226483, 2024 U.S. Dist. LEXIS 114028 (D.N.H., June 24, 2024) (ECF No. 16) (dismissed for lack of jurisdiction), aff'd, No. 24-1657 (1st Cir. Dec. 30, 2024) (affirmed on basis of Eleventh Amendment and judicial immunity); Jan. 31, 2023 Order, Collier v. Carrol, No. 22-cv-00162-LM (D.N.H.) (ECF No. 22) (dismissed based on Rooker-Feldman doctrine).

Collier presents similar claims here in a different way. He seeks to remove his state cases to this court for further proceedings or equitable relief. His Notice of Removal summarizes his reasons for seeking removal, as follows:

> Removal is necessitated by the following systemic failures within the New Hampshire state court system: conflicted judicial testimonies; conflicting state statutes; criminal statutes deployed in civil litigation without supporting evidence; evidentiary rules that are selectively ignored; and the demonstrated ability of state

---

**Criminal Matters in N.H. Superior Court or District Division Courts:**

- State v. Collier, No. 213-2025-cr-00431 (N.H. Super., Cheshire Cty.) (appeal of State v. Collier, No. 449-2025-cr-00776 (N.H. Cir. Ct., 8th Cir., Dist. Div.-Keene);

- State v. Collier, No. 213-2026-cr-00021 (N.H. Super., Cheshire Cty.) (appeal of State v. Collier, No. 449-2025-cr-01147 (N.H. Cir. Ct., 8th Cir., Dist. Div.-Keene).

judicial officers to waive any procedural rule at any time, rendering constitutional protections illusory.

Notice of Removal (Doc. No. 1) at pg. 4.

## LEGAL STANDARD

### I.    Preliminary Review

This court screens the initial filings of plaintiffs and removal defendants who appear in federal court without prepaying the filing fee under LR 4.3(d) and 28 U.S.C. § 1915(e)(2).  The court may dismiss claims or cases sua sponte if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief might be granted, or the action is frivolous or malicious.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). This court construes Collier's pleadings liberally as they appear to have been prepared without a lawyer's assistance.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

### II.    Screening of Removal Notices

Civil state cases removed to federal court may be summarily remanded for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).  Plazzi v. FedEx Ground Package Sys., Inc., 52 F.4th 1, 7–8 (1st Cir. 2022).

> In any case removed from a state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Id. (citing 28 U.S.C. § 1447(c)).

State criminal defendants may remove pending state prosecutions to federal court in very limited circumstances, as defined by federal statutes.  Whenever a state criminal defendant files a notice of removal, 28 U.S.C. § 1455(b)(4) specifically requires the federal court to examine the notice promptly and to remand summarily where the removal documents show that removal is not

proper:

> If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

Id. "The filing of a notice of removal of a criminal prosecution shall not prevent the State Court . . . from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." Id. § 1455(b)(3).

In general, the party "seeking to remove a case to the federal court has the burden of demonstrating the existence of federal jurisdiction," and "removal jurisdiction is strictly construed against" the removing party. Massachusetts v. Azubuko, 616 F. Supp. 2d 174, 175 (D. Mass. 2009) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–109 (1941)); BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers of Am., 132 F.3d 824, 831 (1st Cir.1997)).

### III.   Preliminary Injunction Standard

A party seeking preliminary injunctive relief must establish that "'he is likely to succeed on the .merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 576 U.S. 863, 876 (2015) (citation omitted). The likelihood of success and irreparable harm are factors that weigh most heavily in the analysis. See Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011).

### DISCUSSION

### I.   Screening of Collier's Removal Notices for Jurisdictional Issues

A. Removal under 28 U.S.C. § 1443

Collier cites 28 U.S.C. § 1443 as the statute authorizing the removal of his state

proceedings.  That statute provides, as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443(1), (2).

"[R]emoval statute[s] should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action."  Int'l Union of Operating Eng'rs, Local No. 68 Welfare Fund v. AstraZeneca PLC (In re Pharm. Indus. Average Wholesale Price Litig.), 431 F. Supp. 2d 109, 116 (D. Mass. 2006).  To remove a criminal prosecution under § 1443(1), the Supreme Court has held that the state court defendant must demonstrate both of the following: (1) "that the right allegedly denied . . . arises under a federal law providing for specific civil rights stated in terms of racial equality," and (2) that the "specified federal rights" are denied or cannot be enforced "in the courts of [the] State."  Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (internal quotation marks and citations omitted).

Collier's claims do not bring his state proceedings within the scope of removal jurisdiction under § 1443(1), which is limited to cases involving alleged violations of federal rights stated in terms of racial equality.  Collier seeks removal because of what he considers to be systemic failures in the New Hampshire state courts.  He does not allege, however, that such systemic failures subject him to racial discrimination; his claims are based on rights that are generally applicable, which do not provide grounds for removing a case to federal court under § 1443(1).  Johnson, 421

U.S. at 219 (citing City of Greenwood v. Peacock, 384 U.S. 808, 825 (1966)); see also Peltier v. Peltier, 548 F.2d 1083, 1083-84 & n.2 (1st Cir. 1977) (per curiam) (alleged sex discrimination in divorce proceedings did not authorize removal under § 1443(1)).  Collier's reliance on federal laws or rights of general applicability and his failure to allege any unlawful race discrimination in his state proceedings are patent deficiencies in his removal notices that warrant a summary remand, to the extent removal is based on § 1443(1).[3]

Section 1443(2) also fails to provide removal jurisdiction over Collier's cases.  Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized

---

[3] The federal rights stated in Collier's Notice of Removal include the Seventh Amendment and the Fifth Amendment and Fourteenth Amendment rights to due process, which are not proper bases for removal under § 1443(1).  See Johnson, 421 U.S. at 219 (due process violations do not provide grounds for removal under § 1443(1)); State Farm Mut. Auto. Ins. Co. v. Baasch, 644 F.2d 94, 97 (2d Cir. 1981) (alleged violation of Seventh Amendment does not meet "limited criteria for invoking the civil rights removal statute").  His reference to the Equal Protection Clause in his Notice of Removal, in the absence of allegations of racial discrimination, also fails to provide grounds for removal under § 1443(1).  See Alabama v. Conley, 245 F.3d 1292, 1295-96 (11th Cir. 2001) ("broad assertions of violations of rights" under Equal Protection Clause or 42 U.S.C. § 1983 are insufficient to support removal).  Collier's citations to the Declaration of Independence; the separation of powers; the system of checks and balances, Article III, and the Supremacy Clause in Article IV of the U.S. Constitution are similarly unavailing.  See Cent. Mortg. Co. v. Laskos, 561 F. App'x 827, 829 (11th Cir. 2014) (Supremacy Clause); Coleman v. Mississippi, No. 3:25-cv-663-KHJ-MTP, 2025 WL 3899503, 2025 U.S. Dist. LEXIS 269516, at *4 (S.D. Miss. Dec. 17, 2025), R&R approved, 2026 WL 39303, at *1, 2026 U.S. Dist. LEXIS 1405, at *1 (S.D. Miss. Jan. 6, 2026) ("neither Article III, Section 2 of the United States Constitution, nor any of the federal statutes Coleman cites support this Court's [removal] jurisdiction over Coleman's [state criminal] case"); United States v. Leggett, No. 8:25-cv-2456-KKM-AEP, 2025 U.S. Dist. LEXIS 211815, at *2-3 (M.D. Fla. Oct. 28, 2025) (separation of powers); Socal Fund 1, LLC v. Jimenez-Ortiz, No. CV 12-4678 PSG (JCx), 2012 U.S. Dist. LEXIS 77418, at *2-3 (C.D. Cal. Jun. 1, 2012) (Declaration of Independence).  Collier's passing reference to 18 U.S.C. § 242, in the context of arguing why there should be no absolute immunity for judges, also fails to satisfy the first prong of § 1443(1); that federal criminal law does not create a private right of action, see Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989), and fails to support removal under § 1443(1) in the absence of any allegations of race discrimination.  See Port Austin v. Stapleton, 628 F. Supp. 3d 702, 705 (E.D. Mich. 2022); Florida v. Cave, No. 19-61830-CIV, 2019 WL 3302571, at *1, 2019 U.S. Dist. LEXIS 122645, at *2-3 (S.D. Fla. July 23, 2019).

7

to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." Peacock, 384 U.S. at 824.  Collier's Notice of Removal does not allege that he is a federal agent, state official, or other authorized person prosecuted for executing such duties.  Id. & n.22.  A summary remand of Collier's state prosecutions and civil cases is warranted, as removal jurisdiction is lacking under the federal removal statutes he cites.

B.   Removal under 28 U.S.C. § 1441(a)

Collier's citation to federal laws in his Notice of Removal further suggests an intent to remove his state civil cases under 28 U.S.C. § 1441(a), which allows a state court defendant to remove a pending state civil proceeding to federal court if the federal court would have original jurisdiction over the matter.  28 U.S.C. § 1441(a).  It is the removing defendant's burden to show that removal is proper.  See Fayard v. Northeast Vehicle Servs., LLC, 533 F.3d 42, 48 (1st Cir. 2008); see also Acosta–Ramírez v. Banco Popular de P.R., 712 F.3d 14, 20 (1st Cir. 2013).

Collier's filings, construed liberally, seek to invoke federal question jurisdiction under 28 U.S.C. § 1331 as grounds for removal.  Under § 1331, district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Id.

> To determine whether the claim [in a state case] arises under federal law, [federal courts] examine the "well pleaded" allegations of the [state court] complaint and ignore potential defenses: "[A] suit arises under the Constitution and laws of the United States only when the [state court] plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.

Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6 (2003).  In general, defendants cannot remove a plaintiff's state law claims to federal court based on any federal counterclaim or federal defense, including defenses anticipated in the state court plaintiff's pleadings.  See, e.g., Vaden v. Discover Bank, 556 U.S. 49, 54 (2009); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392-93 (1987).

Turning to each of the state civil cases and NHSC matters Collier seeks to remove, this

8

court notes that Collier is the state court plaintiff in Collier v. 4th Cir. Ct. Fam. Div., No. 2025-0423 (N.H.).  As Collier is not the defendant in that case, he plainly cannot establish any grounds for removal under § 1441(a).  Cf. Home Depot U.S.A., Inc. v. Jackson, 587 U.S. 435, 442 (2019) ("the phrase 'the defendant or the defendants' in § 1441(a)" does not include third-party counterclaim defendants).  Accordingly, a summary remand of that case is warranted.

Collier lists another NHSC case by docket number, Petition of Collier, No. 2026-0122 (N.H.), which is his Rule 11 petition seeking to invoke the NHSC's original jurisdiction under N.H. Sup. Ct. R. 11.  The NHSC denied that Rule 11 petition on March 24, 2026.  Even if Collier were not barred from removing that case simply by virtue of his identity as the NHSC petitioner, he could not remove that proceeding here for reasons stated elsewhere in this Report and Recommendation; the same criminal matters, family court proceedings, and state district court cases underlying that unsuccessful Rule 11 Petition are separately listed in his "Notice of Removal" here (Doc. No. 1).  For reasons stated in this Report and Recommendation with respect to the absence of removal jurisdiction as to any of those underlying matters, Collier's attempt to remove his Rule 11 Petition is also unauthorized by any federal law.  Accordingly, a summary remand of Case No. 2026-0122 is warranted for lack of removal jurisdiction.

The remaining state cases listed in Collier's Notice of Removal are family court matters involving child support, child custody, and a 2013 domestic violence/protective order proceeding.  The claims in those cases appear to be based on state laws.  See, e.g., RSA 173-B (domestic violence protective orders), 457 to 461-A (domestic relations, including child custody, child support, and enforcement).  Collier has the burden of showing the existence of removal jurisdiction, and he has not filed any copies of any pleadings in those matters or otherwise demonstrated that the complaints initiating those proceedings assert federal claims.  See Peltier,

9

548 F.2d at 1083 n.2 (no federal statutes appear to provide for removal jurisdiction over state law divorce proceeding).  As this court lacks grounds for concluding that the state court plaintiff's claims in those cases involve federal issues that could provide grounds for removal, a summary remand is warranted.

## II.  Preliminary Injunction

### A.  Injunctive Relief to Effect Removal

Collier moves for injunctive relief (Doc. No. 4) to give effect to his notices of removal and to prevent the state courts from taking further action in the cases listed in his notice of removal. Because this court lacks removal jurisdiction over his claims, Collier has failed to make the requisite showing of a likelihood of success on the merits of any of his claims.  Accordingly, the district judge should deny Collier's motion for preliminary injunctive relief (Doc. No. 4).

### B.  Younger Abstention

To the extent Collier seeks other forms of equitable relief in this case, including a request that this court: declare that state court orders are void or voidable, enjoin the criminal prosecutions currently pending in Cheshire County Superior Court and his child support enforcement proceedings, and prevent the enforcement of any other state court orders to which he alludes in Document Nos. 1, 1-1, and 4, his requests are unavailing.  Under Younger v. Harris, 401 U.S. 37 (1971), federal courts must abstain from enjoining certain types of proceedings in state court, absent extraordinary circumstances.  Younger abstention applies in three types of state proceedings: ongoing "(i) criminal prosecutions, (ii) 'civil proceedings that are akin to criminal prosecutions,' and (iii) proceedings 'that implicate a State's interest in enforcing the orders and judgments of its courts.'"  Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192 (1st Cir. 2015).

(quoting Sprint Comm., Inc. v. Jacobs, 571 U.S. 69, 72-73 (2013)).  "Abstention is appropriate when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge."  Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007).  When Younger applies, abstention is mandatory, and the federal court is deprived of any discretion to grant injunctive relief.  See Colo. River Water Conserv. Dist. v. United States, 424 U.S. 800, 816 n.22 (1976).

The Younger abstention doctrine squarely applies to Collier's criminal cases pending in Cheshire County Superior Court, to the ongoing child support enforcement proceedings where he is the target, and to any contempt proceedings or similar actions taken by the state judges to ensure compliance with court orders.   See Sobel v. Prudenti, 25 F. Supp. 3d 340, 355 (E.D.N.Y. 2014) (court abstained under Younger in case where parent claimed that rulings in state child support case violated rights to due process); Rogers v. N.H. Circuit Court, No. 16-cv-107-JL, 2016 WL 3919414, at *2, 2016 U.S. Dist. LEXIS 93961, at *4-7 (D.N.H. Jun. 3, 2016) (court abstained under Younger where parent claimed violations of due process rights in New Hampshire family court proceedings), R&R adopted, 2016 WL 3920169, 2016 U.S. Dist. LEXIS 93957 (D.N.H. July 18, 2016); see also Tahai v. Stanfill, No. 2:26-cv-00057-LEW, 2026 WL 1020634, at *1-2, 2026 U.S. Dist. LEXIS 82154, at *2 (D. Me. Apr. 15, 2026) (R&R) (Younger abstention applied where parent claimed that delays in state child custody proceedings deprived him of parental rights, and parent sought declaratory judgment stating that the delay violated due process as well as injunctions forcing state court to implement procedural safeguards).

The few extraordinary circumstances involving such cases where abstention is not required include state prosecutions brought in bad faith for purposes of harassment, cases in which the state

forum provides inadequate protection of federal rights, and cases where the statute at issue is "'flagrantly and patently violative of express constitutional prohibitions.'" Sirva Relocation, 794 F.3d at 192 (citations omitted). Nothing in the record here suggests any bad faith or harassment, or inadequacy of the state forums (including the New Hampshire Supreme Court) for assertion of Collier's federal claims, or any other extraordinary circumstances here, which could exempt his requests for equitable relief from abstention under Younger. See generally Moore v. Sims, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern," and Court in that case was "unwilling to conclude that state processes are unequal to the task of accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation."). Plaintiff here has an adequate opportunity in the state courts to raise his federal claims, including his claims of due process violations and violations of other federal constitutional provisions, and he can seek further review of adverse orders in the NHSC and through a petition for certiorari review as appropriate. See Rogers, 2016 WL 3919414, at *2, 2016 U.S. Dist. LEXIS 93961, at *7 ("family court has inherent power to control its proceedings and to issue orders for the purpose of ensuring that all parties have a full and fair opportunity to advance claims and defenses" (citing In re O'Neil, 159 N.H. 615, 622, 992 A.2d 672, 677 (2010))). Evidence that the state courts have dismissed Collier's claims or denied his motions is not proof that the state proceedings are inadequate to protect his federal rights. "So long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review of constitutional claims is inadequate for Younger purposes." Hansel v. Town Court, 56 F.3d 391, 394 (2d Cir. 1995).

> The fact that state . . . courts may reject (or have rejected) arguments on the merits
> . . . does not mean those courts have deprived a plaintiff of the opportunity to make
> the argument. And, it is only where, for procedural or other reasons, the state courts

deprive the plaintiff of such an <u>opportunity</u> that <u>Younger</u> does not apply.  A party . . . may appeal its claim through the state system, eventually asking the United States Supreme Court to review the federal question that it believes the state erroneously decided; or, such a party, seeking a federal forum, may file its federal action before the state proceeding begins.  But, that party, already engaged in a state proceeding, cannot ordinarily obtain a hearing in federal court on its federal claim simply because it believes the state will reject the claim on the merits.

<u>Duty Free Shop, Inc. v. Admin. de Terrenos</u>, 889 F.2d 1181, 1183 (1st Cir. 1989) (citations omitted

and emphasis in original).  Collier has failed to make the necessary showing of extraordinary

circumstances that could allow this court to retain jurisdiction over his injunctive and declaratory

relief claims at issue, rendering those claims the proper subject of <u>Younger</u> abstention.

### C.  <i>Rooker-Feldman</i> and 4th Circuit Family Court Claims

Not all the state proceedings Collier seeks to enjoin were pending before he filed this case.

Collier filed this case after the NHSC affirmed the dismissal of Collier's Superior Court case

against the 4th Circuit family court in Laconia, <u>see</u> <u>Collier v. 4th Cir. Ct. Fam. Div.</u>, No. 2025-

0423 (N.H. Ma<u>r. 24</u>, <u>2026)</u> (affirming dismissal of <u>Collier v. 4th Cir. Ct., Fam. Div.</u>, No. 213-

2025-cv-00077 (N.H. Super. Ct., Cheshire Cty.)).  In addition, Collier's domestic relations case

litigated in family court in Laconia, underlying those proceedings, is also a closed case, <u>see</u> <u>In the</u>

<u>Matter of May & Collier</u>, No. 650-2013-dm-00010 (N.H. Cir. Ct., 4th Cir., Family Div.- Laconia).

That those cases were closed and the subject of state court judgments at the time he filed this case

suggests an independent jurisdictional ground for denying relief, arising from the statutory

authority of the U.S. Supreme Court, not this court, to review federal issues implicated by final

judgments of the NHSC.

The <u>Rooker-Feldman</u> doctrine "prohibits federal [district] courts from adjudicating cases

brought by state-court losing parties challenging state-court judgments" seeking federal district

court review and reversal of the state court judgment, <u>Reed v. Goertz</u>, 598 U.S. 230, 235 (2023). <u>Rooker-Feldman</u> does not preclude parties from reviewing independent federal claims, such as a challenge to the constitutionality of the state law that provides the rule of decision in the state cases. See <u>Skinner v. Switzer</u>, 562 U.S. 521, 532 (2011).  Collier, however, does not appear to be asserting any independent claim that he did not already raise in the state court cases, and he plainly seeks to challenge collaterally and enjoin orders issued by the state courts.  To the extent Collier seeks this court's review and reversal of the orders dismissing his claims in the Laconia family court cases, Collier's claims for relief here are barred by the <u>Rooker-Feldman</u> doctrine, and, accordingly, Collier may not obtain injunctive relief on those claims.

### III.  <u>**Preliminary Review of Claims Asserted by Collier**</u>

Collier filed this case by filing a removal notice.  He did not name defendants to his federal claims; rather, he listed all of the state courts, attorneys, and other participants in his state court cases as parties or entities who would receive notice of his removal documents.  His decision not to structure his claims here in the form of a civil complaint naming specific defendants complicates this court's ability to subject his pleadings to preliminary review under LR 4.3(d) and 28 U.S.C. § 1915(e)(2).  Accordingly, in the Order issued on this date, the court grants Collier thirty days to file an "Amended Complaint" (not a removal notice), naming each party he intends to sue as a defendant, if any, and stating the facts upon which he claims relief as well as the nature of the relief sought.  This court may subject that Amended Complaint to preliminary review, as appropriate.

### CONCLUSION

For the foregoing reasons, the magistrate judge recommends as follows:

(1)    The district judge should issue an Order of Remand, remanding

Collier's state cases listed in his Notice of Removal (Doc. Nos. 1, 1-1) to the State courts, pursuant to 28 U.S.C. § 1447(c) and 28 U.S.C. § 1455(b)(4), and then the Clerk's Office of this Court must mail a certified copy of that Order of Remand to the Clerks of: the N.H. Supreme Court; the Cheshire County Superior Court; the N.H. Circuit Court, 8th Circuit, District Division-Keene and Family Division-Keene; and the N.H. Circuit Court, 4th Circuit, Family Division-Laconia; and

(2)     The district judge should deny Collier's motion for a preliminary injunction (Doc. No. 4).

(3)     Because the Order issued on the date of this Report and Recommendation provides Collier an opportunity to file an Amended Complaint, approval of this Report and Recommendation will not terminate this case, unless otherwise ordered by this court.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court.  See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such objection(s) are precluded on appeal. See id.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

April 23, 2026

cc:     Randall Collier, pro se

15

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Randall Collier

    v.

Case No. 26-cv-226-SM

NH, State of


ORDER

    After due consideration of the objection filed, I herewith approve the Report and Recommendation of Magistrate Judge Talesha L. Saint-Marc dated April 23, 2026, for the reasons set forth therein. The referenced state cases are remanded as recommended.  The motion for preliminary injunction is denied.

    **So Ordered.**

_____
Steven J. McAuliffe
United States District Judge

Date: April 30, 2026

cc:  Randall Collier, pro se

**Notice of Electronic Filing**

The following transaction was entered on 5/12/2026 at 4:46 PM EDT and filed on 5/12/2026

**Case Name:**      Collier v. NH, State of
**Case Number:**      1:26–cv–00226–SM–TSM
**Filer:**

**Document Number:** No document attached

**Docket Text:**
 **ENDORSED ORDER denying [11] Motion for Reconsideration. *Text of Order: Denied.* So Ordered by Judge Steven J. McAuliffe.(lw)**


**1:26–cv–00226–SM–TSM Notice has been electronically mailed to:**

Randall Collier &nbsp &nbsp 042611t@gmail.com

**1:26–cv–00226–SM–TSM Notice, to the extent appropriate, must be delivered conventionally to:**