Randall Collier
Sui Juris, Pro Se, All Rights Reserved
26 Joslin Rd
Surry, New Hampshire 03431
603 803 3648
042611t@gmail.com



RECEIVED FOR FILING

2026 MAY 28 A 11: 39

US DISTRICT COURT

## UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

RANDALL COLLIER, Appeal from Case No. 1:26-cv-00226-SM-TSM
  Plaintiff-Appellant,
  v.
STATE OF NEW HAMPSHIRE, ET AL.,
  Defendants-Appellees.

## EMERGENCY MOTION FOR RELIEF PENDING APPEAL
## PURSUANT TO FED. R. APP. P. 8(a)(2)

*Motion for Stay of State Court Proceedings and*
*Injunction Against Enforcement Actions Pending Appeal*

**NOW COMES** the Plaintiff-Appellant, Randall Collier, appearing Sui Juris, Pro

Se, and respectfully moves this Court pursuant to Federal Rule of Appellate

Procedure 8(a)(2) for emergency relief pending appeal. The District Court denied

Plaintiff's Emergency Motion for Preliminary Injunction on April 30, 2026

(McAuliffe, J.). Plaintiff filed a Notice of Appeal on May 14, 2026. Since the filing

of that appeal, the State of New Hampshire has continued to prosecute Plaintiff

through multiple unconstitutional tribunals, has filed new criminal charges, and has

scheduled hearings that threaten Plaintiff with arrest and incarceration. Immediate

relief from this Court is necessary to prevent irreparable harm and preserve the

status quo pending resolution of this appeal.

## I. PROCEDURAL HISTORY

**1.** On or about March 2026, Plaintiff filed a Notice of Removal and Amended Complaint in the United States District Court for the District of New Hampshire (Case No. 1:26-cv-00226-SM-TSM), raising a structural constitutional challenge to the New Hampshire Title IV-D administrative adjudication scheme and the New Hampshire Circuit Court system under Axon Enterprise, Inc. v. FTC, 598 U.S. 175 (2023), SEC v. Jarkesy, 603 U.S. 109 (2024), and Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024).

**2.** On April 9, 2026, Plaintiff filed an Emergency Motion for Preliminary Injunction in the District Court, requesting that the Court enjoin the State of New Hampshire from continuing to prosecute Plaintiff through unconstitutional administrative tribunals and from enforcing a license suspension directed by the Bureau of Child Support Services (BCSS) through the New Hampshire Division of Motor Vehicles (DMV).

**3.** On April 23, 2026, Magistrate Judge Talesha L. Saint-Marc issued a Report and Recommendation recommending denial of the preliminary injunction and remand of the referenced state cases.

**4.** On April 30, 2026, Judge Steven J. McAuliffe adopted the Report and Recommendation, denied the preliminary injunction, and remanded the state cases. See Order dated April 30, 2026.

**5.** On May 14, 2026, Plaintiff filed a Notice of Appeal to this Court, preserving a June 12, 2026 briefing deadline.

**6.** Since the filing of the appeal, the State of New Hampshire has continued to schedule and conduct proceedings against Plaintiff in both the 8th Circuit Court (child support show cause) and Cheshire Superior Court (criminal status conferences), and has filed new criminal charges against Plaintiff.

## II. STATEMENT OF EMERGENCY

## 7. Plaintiff faces imminent arrest from multiple directions:

**(a)** On April 3, 2026, an unidentified referee in the 8th Circuit Court issued a Show Cause Order scheduling a hearing for June 4, 2026, threatening a capias for Plaintiff's arrest if he fails to appear. This order was not signed by the presiding referee, was not approved by a justice as required by RSA 493-A:1-a, and was issued by a referee who refused to identify himself on the record at the April 4, 2026 hearing.

**(b)** On March 11, 2026, Cheshire Superior Court (Edwards, J.) scheduled two Status Conferences for May 7, 2026, at 9:00 AM in Cases 213-2025-CR-00431 and 213-2026-CR-00021. Both notices warn that failure to appear may result in an order for arrest. Plaintiff did not attend the May 7, 2026 hearing. Plaintiff is unrepresented; the Superior Court granted Attorney Thomas M. Rogers' motion to withdraw as counsel on March 4, 2026, citing a conflict of interest related to the NH Supreme Court appeals (Cases 2025-0423 and 2026-0122) which name Attorney Rogers.

**(c)** New criminal charges have been filed against Plaintiff. Case No. 213-2026-CR-00021 charges Plaintiff with *both* Violation of Protective Order (RSA 173-B:9, Charge ID 2347624C) *and* Stalking (RSA 633:3-a, Charge ID 2416120C). The filing of charges under both statutes

simultaneously confirms the statutory confusion at the heart of Plaintiff's appellate argument: the State previously prosecuted Plaintiff under RSA 173-B:9 when the only orders in evidence were issued under RSA 633:3-a, a distinction the NH Supreme Court held was dispositive in State v. Simone, 151 N.H. 328 (2004).

**(d)** Plaintiff's driving privileges were suspended on May 11, 2025, by the NH DMV at the direction of the Bureau of Child Support Services (BCSS). BCSS child support agent Justine Guay confirmed by telephone, prior to the April 4, 2026 child support hearing, that BCSS agents had notified NH DMV to revoke Plaintiff's driving privileges because of child support payments. Plaintiff received no prior notice or hearing before the suspension. This suspension has resulted in additional criminal charges for driving after suspension (July 29 and July 30, 2025, on Ashbrook Court, Keene) and the seizure of Plaintiff's personal automobile by NH State Police on July 30, 2025.

**(e)** Plaintiff is the sole caretaker of his elderly father, requiring daily transportation. The BCSS-directed license suspension and the seizure of his automobile directly impair his ability to provide that care.

## III. STANDARD FOR RELIEF PENDING APPEAL

**8.** Under Fed. R. App. P. 8(a)(2), this Court may grant relief pending appeal when the moving party demonstrates: (1) a likelihood of success on the merits; (2) irreparable injury absent a stay; (3) that the stay will not substantially harm other parties; and (4) that the public interest favors the stay. See *Nken v. Holder*, 556 U.S. 418, 434 (2009); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

**9.** Plaintiff sought this relief from the District Court, which denied it on April 30, 2026. Plaintiff therefore moves this Court directly under Rule 8(a)(2).

## IV. LIKELIHOOD OF SUCCESS ON THE MERITS

### A. The Structural Challenge to the Circuit Court System

**10.** The New Hampshire Circuit Court was created by RSA 490-F (2011), a legislative enactment. It is not established by the New Hampshire Constitution, which recognizes only the Supreme Court and the Superior Court. N.H. Const. pt. 2, art. 72-a. The Circuit Court's Family Division, District Division, and Probate Division now adjudicate 90 percent of all cases filed in the state, including criminal matters carrying potential imprisonment, child support obligations, custody determinations, protective orders, and traffic violations.

**11.** Under RSA 493-A:1-a, judicial referees assigned to the Circuit Court shall not enter final orders in any case, and all recommendations of judicial referees shall be approved by a justice in regular active service or senior active service. In Plaintiff's cases, Referee Patrick W. Ryan has entered multiple final orders without a justice's signature, including: (a) the January 30, 2026 Order on Motion to Dismiss in the speeding case (449-2025-CR-02151); (b) the August 6, 2025 Order denying Plaintiff's motions in the criminal case (449-2025-CR-00776); (c) the August 25, 2025 written opinion finding Plaintiff guilty; and (d) the September 9, 2025 Order on sentencing continuance. An unidentified referee issued the April 3, 2026 Show Cause Order in the child support matter without signing it and without a justice's approval.

**12.** This structural deficiency is cognizable directly in federal court under *Axon Enterprise, Inc. v. FTC*, 598 U.S. 175 (2023) (structural constitutional challenges to administrative adjudication schemes proceed directly in federal court without exhaustion). *SEC v. Jarkesy*, 603 U.S. 109 (2024), holds that private rights cannot be adjudicated by administrative officers without Article III protections and trial by jury. *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), requires courts to exercise independent judgment on questions of statutory authority rather than deferring to agency assertions.

**B. The Title IV-D Enforcement Chain**

**13.** The BCSS-directed license suspension demonstrates the Title IV-D enforcement mechanism in operation. The chain is as follows: (a) the Family Division Circuit Court (an unconstitutional administrative tribunal) imposed child support obligations; (b) BCSS, the Title IV-D agency, directed NH DMV to suspend Plaintiff's driving privileges under 42 U.S.C. § 666(a)(16); (c) Plaintiff was stopped by law enforcement, found to be driving on a suspended license, and charged with driving after suspension; (d) NH State Police seized Plaintiff's automobile on July 30, 2025 (the vehicle was returned approximately three days later, but the seizure itself demonstrates the enforcement chain in action); (e) the State attempted to stack the driving after suspension charges onto the existing criminal case. Attorney Rogers filed a motion to separate, and the court agreed

there was no proper notice of the suspension. If the originating tribunal lacked constitutional authority, every downstream enforcement action is tainted as fruit of the poisonous tree.

**14.** BCSS agent Justine Guay confirmed this chain by telephone prior to the April 4, 2026 hearing, stating that her agents had notified NH DMV to revoke Plaintiff's driving privileges because of child support payments. This is the State's own agent admitting the causal connection between the Title IV-D scheme and the deprivation of Plaintiff's liberty interest in operating a motor vehicle — without prior notice and without a hearing, in violation of the Due Process Clause. See Mathews v. Eldridge, 424 U.S. 319 (1976).

### C. The Wrong-Statute Prosecution

**15.** In Case No. 449-2025-CR-00776, the State prosecuted Plaintiff under RSA 173-B:9 (Violation of Protective Order) when the only orders in evidence were issued under RSA 633:3-a (stalking). The NH Supreme Court held in *State v. Simone*, 151 N.H. 328 (2004), that these statutes are distinct and that each statute's enumerated provisions must be strictly satisfied. The State has now effectively conceded this point by filing new charges in Case No. 213-2026-CR-00021 under *both* RSA 173-B:9 and RSA 633:3-a — an implicit acknowledgment that the original prosecution under RSA 173-B:9 alone was deficient.

## V. IRREPARABLE HARM

**16.** "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

**17.** Absent emergency relief from this Court, Plaintiff faces the following imminent and irreparable harms:

- **(a)** Arrest and incarceration pursuant to a capias from the June 4, 2026 child support show cause hearing, based on an unsigned order from an unidentified referee in a tribunal whose constitutional legitimacy is the subject of this appeal.

- **(b)** Arrest and incarceration pursuant to a possible bench warrant from the May 7, 2026 Superior Court status conference that Plaintiff did not attend while unrepresented, after the court granted his counsel's motion to withdraw.

- **(c)** Continued prosecution on new criminal charges (213-2026-CR-00021) filed while this federal appeal is pending, in the same tribunal system whose structural legitimacy is challenged.

- **(d)** Continued deprivation of driving privileges based on a BCSS-directed suspension that originated from an unconstitutional administrative tribunal, without prior notice or hearing.

**(e)** Continued inability to lawfully operate a motor vehicle due to the BCSS-directed license suspension, impairing Plaintiff's ability to care for his elderly father, whom he serves as sole caretaker, and to attend court proceedings, serve documents, and otherwise participate in the legal process.

**(f)** Continued chilling of Plaintiff's First Amendment right to petition the government for redress of grievances through the federal courts, as the State's escalating enforcement actions coincide with and appear designed to retaliate against Plaintiff's federal civil rights litigation.

**18.** Once Plaintiff is arrested and incarcerated, the harm cannot be undone by a favorable ruling on appeal. Liberty, once lost, cannot be retroactively restored. This is the definition of irreparable harm.

## VI. BALANCE OF HARMS AND PUBLIC INTEREST

**19.** The balance of harms overwhelmingly favors Plaintiff. A stay of state proceedings preserves the status quo while this Court determines whether the tribunals prosecuting Plaintiff have constitutional authority to act. If this Court ultimately determines the structural challenge lacks merit, the State may resume its proceedings. No harm results from a temporary pause.

**20.** By contrast, if no stay is granted and Plaintiff is arrested and incarcerated pursuant to orders from tribunals later found to lack constitutional authority, the harm is irreversible.

**21.** The public interest favors ensuring that persons are not deprived of liberty by tribunals acting without constitutional authority. The public has no interest in the enforcement of unconstitutional proceedings.

## VII. RELIEF REQUESTED

**WHEREFORE,** Plaintiff-Appellant respectfully requests that this Court:

**(A)** Stay all state court proceedings against Plaintiff in the following cases pending resolution of this appeal: (1) 8th Circuit Court child support show cause (hearing scheduled June 4, 2026); (2) Cheshire Superior Court Cases 213-2025-CR-00431 and 213-2026-CR-00021; (3) any proceedings arising from the BCSS-directed license suspension;

**(B)** Enjoin the State of New Hampshire, its agents, employees, law enforcement officers, and all persons acting in concert with them from arresting, detaining, or incarcerating Plaintiff pursuant to any capias, bench warrant, or order issued by the 8th Circuit Court or Cheshire Superior Court in connection with the above-referenced cases pending resolution of this appeal;

**(C)** Enjoin the NH Division of Motor Vehicles from enforcing the BCSS-directed suspension of Plaintiff's driving privileges pending resolution of this appeal;

**(D)** Grant such other and further relief as this Court deems just and proper.

## VERIFICATION

I, Randall Collier, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

**UNREBUTTED CLAIMS BECOME TRUTH IN THE RECORD.**

RANDALL COLLIER          May 22, 2026

## CERTIFICATION REGARDING CONFIDENTIAL INFORMATION

I hereby certify that this filing does not contain any confidential information as defined by applicable court rules, except for the use of initials for the minor child (T.C.) in compliance with Fed. R. App. P. 25(a)(5) and Fed. R. Civ. P. 5.2.

RANDALL COLLIER    May 22, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, a true and correct copy of the foregoing EMERGENCY MOTION FOR RELIEF PENDING APPEAL was filed with the Clerk of Court and served upon counsel for Defendants-Appellees by first-class United States Mail, postage prepaid, to the following:

Clerk of Court, United States Court of Appeals for the First Circuit, John Joseph Moakley Courthouse, 1 Courthouse Way, Suite 2500, Boston, MA 02210

NH Attorney General's Office (Counsel for Defendants-Appellees): Attorney Duncan A. Edgar, 1 Granite Place, Concord, NH 03431

Date: May 22, 2026

Randall Collier
Sui Juris, Pro Se, All Rights Reserved
26 Joslin Rd
Surry, New Hampshire 03431
603 803 3648
042611t@gmail.com

**PROPOSED ORDER**

## UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

Randall Collier, Plaintiff-AppellantAppeal from Case No. 1:26-cv-00226-SM-TSM
v.
State of New Hampshire, et al., Defendants-Appellees

## ORDER ON EMERGENCY MOTION FOR RELIEF PENDING APPEAL

Upon consideration of Plaintiff-Appellant's Emergency Motion for Relief Pending Appeal pursuant to Fed. R. App. P. 8(a)(2), and for good cause shown, it is hereby ORDERED:

1. All state court proceedings against Plaintiff-Appellant in the following cases are STAYED pending resolution of this appeal: (a) 8th Circuit Court child support show cause (hearing scheduled June 4, 2026); (b) Cheshire Superior Court Cases 213-2025-CR-00431 and 213-2026-CR-00021; (c) any proceedings arising from the BCSS-directed license suspension.

2. The State of New Hampshire, its agents, employees, law enforcement officers, and all persons acting in concert with them are ENJOINED from arresting, detaining, or incarcerating Plaintiff-Appellant pursuant to any capias, bench warrant, or order issued by the 8th Circuit Court or Cheshire Superior Court in connection with the above-referenced cases pending resolution of this appeal.

3. The NH Division of Motor Vehicles is ENJOINED from enforcing the BCSS-directed suspension of Plaintiff-Appellant's driving privileges pending resolution of this appeal.

4. Defendants-Appellees shall file any response to this Order within seven (7) days.

5. Such other and further relief as this Court deems just and proper is GRANTED.

**SO ORDERED.**

_____
Circuit Judge
United States Court of Appeals for the First Circuit
Date: _____

Retail

U.S. POSTAGE PAID
FCM LG ENV
KEENE, NH 03431
MAY 22, 2026

UNITED STATES
POSTAL SERVICE®

02210

$2.72

RDC 99

S2324K500111-1

Clerk of Court USCourt of Appeals
John Moackley Courthuse
1 Courthuse Way Suite 2500
Boston MA
02210

ReadyPost

FROM:

R. Collier
26 Joslin Rd
Surry, NH
03431

Utility Mailer
10 1/2" x 16"