Randall Collier

26 Joslin Rd

Surry, New Hampshire 03431

Phone: (603) 803-2648

Email: 042611t@gmail.com

RECEIVED FOR FILING
2026 AUG 10 P 12:35

August 4, 2026

Clerk of Court

United States Court of Appeals for the First Circuit

John Joseph Moakley United States Courthouse

1 Courthouse Way, Suite 2500

Boston, MA 02210

**RE: Collier v. State of New Hampshire, et al., No. 26-1564**

**NOTICE OF SUPPLEMENTAL AUTHORITY UNDER FED. R. APP. P. 28(j)**

Dear Clerk:

Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiff-Appellant Randall Collier respectfully submits the following supplemental authorities that have come to his attention after the filing of his Principal Brief of Appellant on July 28, 2026.

These authorities are pertinent and significant to two issues presented in this appeal.

## I. RICO CLAIMS ARISING FROM FAMILY COURT PROCEEDINGS

Warner v. Espitia, S25G1354 (Ga. Supreme Court, June 30, 2026).

On June 30, 2026, the Georgia Supreme Court ruled that RICO claims arising from a pattern of conduct in family court litigation can state a claim upon which relief may be granted and must be heard on the merits. The Court reversed the lower court's dismissal and remanded for the Court of Appeals to consider Attorney S. Judson Waites II's RICO claim on the merits, holding that appellate courts must hear the RICO argument rather than closing the door at the threshold.

This authority is pertinent to Issue V of Appellant's brief, which challenges the District Court's failure to screen the Amended Complaint's RICO claim (Count V, 18 U.S.C. § 1962) on the merits. Appellant's Amended Complaint identifies the Title IV-D Expedited Process Program as the "enterprise," the Interagency Memorandum of Understanding between NH DHHS and the Administrative Office of the Courts as the organizing document, and a thirteen-year pattern of predicate acts including extortion under color of official right (18 U.S.C. § 1951), mail fraud (18 U.S.C. § 1341), and federal program fraud (18 U.S.C. § 666). The District Court dismissed all claims without reaching the merits of the RICO count. Warner

v. Espitia holds that courts may not do so when plausible facts supporting a RICO claim are alleged.

## II. CONSTITUTIONAL CLAIMS ALLEGING BAD FAITH SURVIVE DISMISSAL

Coyne v. City of Somerville, 972 F.3d 440, 444 (1st Cir. 1992).

This Court's own precedent in Coyne holds that a claim alleging intentional misconduct or bad faith survives a motion to dismiss where plausible facts are alleged. Appellant's Amended Complaint alleges eighty-four (84) documented violations of federal rules, state statutes, and constitutional provisions, supported by certified mail return receipts, USPS tracking confirmations, hearing transcripts, a Secretary of State email confirming a magistrate had no oath on file, three police reports contradicting the basis for the protective order, and the Interagency MOU documenting the financial incentive structure. These are not conclusory allegations. They are plausible facts documenting intentional misconduct and bad faith by state actors operating under a structurally unconstitutional administrative scheme. Under Coyne, these claims survive dismissal.

Appellant respectfully requests that this Court consider these authorities in deciding the pending appeal.

Respectfully submitted,

/s/ RANDALL COLLIER

Randall Collier

*Plaintiff-Appellant, Pro Se*

*United States Navy Veteran*

*cc: All parties of record (no defendant has entered an appearance)*

Collier
26 Joslin Rd
Surry NH
03431

2500

MANCHESTER NH 030
6 AUG 2026 AM 1 L

UNITED STATES OF AMERICA
FOREVER/USA
UNITED STATES OF AMERICA
FOREVER/USA

United States Court of Appeals for the first Circuit
John Joseph Moakley United States Courthouse
1 Courthouse Way Suite 2500
Boston MA
02210

USMS Screened

02210-300425