Randall Collier

26 Joslin Rd

Surry, New Hampshire 03431

Phone: (603) 803-2648

Email: 042611t@gmail.com

August 13, 2026

Clerk of Court

United States Court of Appeals for the First Circuit

John Joseph Moakley United States Courthouse

1 Courthouse Way, Suite 2500

Boston, MA 02210

**RE: Collier v. State of New Hampshire, et al., No. 26-1564**

**MOTION TO EXPEDITE RULING ON PENDING EMERGENCY MOTION FOR RELIEF PENDING APPEAL**

Dear Clerk:

Plaintiff-Appellant Randall Collier respectfully moves this Court to expedite its ruling on the pending Emergency Motion for Relief Pending Appeal filed under

Fed. R. App. P. 8(a)(2) in this matter. The Emergency Motion has been pending for approximately seventy-five (75) days without ruling. During that time, the emergency that prompted the motion has not been resolved — it has dramatically worsened.

## I. EVENTS SINCE FILING THE EMERGENCY MOTION

1. Since the Emergency Motion was filed, the following events have occurred:

(a) Appellant was arrested on May 29, 2026, for driving on a BCSS-directed suspended license — the very enforcement action the Emergency Motion sought to stay;

(b) Appellant was held on a no-bond hold at the Cheshire County House of Corrections for fifty-five (55) days, from May 29 through approximately July 23, 2026;

(c) During the 55-day detention, Appellant was denied legal mail, denied access to CM/ECF, and denied access to his legal documents;

(d) The Clerk of Court at the District of New Hampshire erroneously rejected a Next Friend habeas petition filed under 28 U.S.C. § 2242 by Appellant's sister, citing Fed. R. Civ. P. 11 instead of the controlling habeas statute — Whitmore v. Arkansas, 495 U.S. 149 (1990);

(e) The habeas petition was subsequently denied by Magistrate Judge Johnstone in 24 hours without waiting for a response from respondents, and the case was closed by Chief Judge Elliott on August 4, 2026, without engaging the structural constitutional arguments;

(f) The State added a retroactive speeding charge three months after the May 29 arrest, raising a presumption of prosecutorial vindictiveness under Blackledge v. Perry, 417 U.S. 21 (1974);

(g) A child support Show Cause hearing was conducted on August 6, 2026, in which the state attorney appeared with the Title IV-D Memorandum of Understanding and requested time to respond to Appellant's four combined motions challenging the structural conflict of interest;

(h) Two additional hearings are scheduled — September 3, 2026 (child support) and September 28, 2026 (criminal) — both of which the Emergency Motion seeks to stay.

## II. NO RESPONSE FROM APPELLEES

2. The New Hampshire Attorney General's Office, counsel for Defendants-Appellees, has not entered an appearance in this appeal, has not registered with this Court, has not filed a response to the Emergency Motion, and has not filed a response brief. The AG's Office was served three times with the Amended Complaint at the District Court level (April 3, April 8, and May 7, 2026)

and has never filed any response. A Request for Entry of Default has been filed against the AG at the District Court. The Appellees' complete non-participation in both the District Court proceedings and this appeal further supports the need for expedited relief.

## III. URGENCY

3. The September 3, 2026 child support hearing is twenty-one (21) days away. The September 28, 2026 criminal hearing is forty-six (46) days away. Both proceedings are the subject of the pending Emergency Motion. If this Court does not rule before September 3, Appellant will be forced to appear in proceedings that the Emergency Motion asks this Court to stay — rendering the Emergency Motion moot as to those proceedings.

4. Appellant has been arrested once, held 55 days, denied habeas, denied mail, had charges added retroactively, and faces two more hearings — all while the Emergency Motion requesting a stay of these very proceedings remains pending before this Court without ruling.

5. Appellant respectfully submits that 75 days is not consistent with the purpose of an emergency motion. The word "emergency" presupposes expedited consideration. Appellant requests that this Court rule on the pending Emergency Motion before September 3, 2026, to prevent further irreparable harm.

## IV. RELIEF REQUESTED

6. Appellant respectfully requests that this Court:

(a) Rule on the pending Emergency Motion for Relief Pending Appeal at the earliest practicable date, and in any event before September 3, 2026;

(b) Stay all state court proceedings against Appellant pending resolution of this appeal;

(c) Enjoin the State from arresting, detaining, or incarcerating Appellant in connection with the stayed proceedings;

(d) Note the Appellees' failure to enter an appearance, register, or respond to any filing in this appeal.

Respectfully submitted,

/s/ RANDALL COLLIER

Randall Collier

*Plaintiff-Appellant, Pro Se*

*United States Navy Veteran*

*cc: NH Attorney General's Office, 1 Granite Place South, Concord, NH 03301*

*(Appellees have not entered an appearance or registered with this Court)*