September 8, 2026

Clerk of Court

United States Court of Appeals for the First Circuit

John Joseph Moakley United States Courthouse

1 Courthouse Way, Suite 2500

Boston, MA 02210

**RE: Collier v. State of New Hampshire, et al.**

**First Circuit No. 26-1564**

**District Court No. 1:26-cv-00226-SM-TSM**

## THIRD SUPPLEMENTAL AUTHORITY UNDER FRAP 28(j)

Dear Clerk:

Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiff-Appellant Randall Collier respectfully submits this Third Supplemental Authority to advise the Court of significant developments since the filing of the Principal Brief and prior supplemental authorities.

### I. DISTRICT COURT MISSED ITS OWN SCREENING DEADLINE

On August 18, 2026, Appellant filed a Motion to Screen Amended Complaint and Issue Summons (Docket No. 23). The district court's CM/ECF system set a follow-up date of September 1, 2026. As of September 8, 2026, no ruling has been issued. The Amended Complaint has been pending for 134 days without screening. On September 2, 2026,

Appellant contacted the Clerk's Office and staff member Julian confirmed no ruling had been issued.

The district court's continued non-engagement with the Amended Complaint is directly relevant to this appeal. The appeal challenges the district court's pattern of one-paragraph dismissals and failure to engage with the merits of Appellant's structural challenge. The court's failure to screen the complaint for 134 days — while setting and then missing its own deadline — continues this pattern.

## II. BCSS'S SELECTIVE ENGAGEMENT DOCUMENTED

On August 28, 2026, Appellant filed a Second Motion for Judicial Notice (Docket No. 24) documenting that Defendant BCSS actively litigates in state court, responds to administrative records requests within days, sends Appellant ten separate mailings, and monitors this Court's PACER docket (admitted by BCSS's own attorney at paragraph 36 of her August 17, 2026 state court response) — while refusing to file any response in the district court in over 130 days.

On August 31, 2026, BCSS filed an Objection to Appellant's subpoena motions in state court, further demonstrating its resources and capacity to litigate while ignoring the federal Amended Complaint.

## III. STATE COURT ADMISSIONS BY BCSS

In its August 17, 2026 state court response, BCSS Chief Staff Attorney Susan N. Brisson, Esq. made admissions directly relevant to the structural claims on appeal: (a) the federal government reimburses 66% of child support expenses (paragraph 12); (b) 95% of BCSS cases are not current welfare recipients (paragraph 20); (c) BCSS monitors Appellant's federal PACER docket but will not respond (paragraph 36). These admissions confirm the financial incentive structure at the heart of Appellant's Tumey v. Ohio challenge.

## IV. $3,269 SEIZED WHILE FEDERAL CASE SITS UNSCREENED

While the district court holds the Amended Complaint without screening, the U.S. Treasury has intercepted $3,269.00 in federal tax refunds from Appellant ($1,680.00 on August 28, 2026 and $1,589.00 on September 4, 2026) and applied it to child support arrears payable to BCSS — a named Defendant. The enforcement system Appellant challenges continues to operate while the federal court that could provide relief sits on the complaint.

## V. STATE COURT CONTINUED HEARING TO NOVEMBER 5

On August 28, 2026, the state court continued the child support Show Cause hearing to November 5, 2026, granting in part Appellant's Emergency Motion to Compel production of RSA 91-A records. The state court also ruled that it "lacks jurisdiction" to enforce RSA 91-A and directed Appellant to file in Superior Court — adding yet another forum to the exhaustion record. The state court judge further warned that Appellant's pleadings appear to have been prepared with the assistance of counsel, which Appellant has denied in a filed Notice of Compliance with Family Division Rule 1.19(B).

The state court's own continuance — based on the State's withholding of acknowledged public records — confirms that the structural issues Appellant raises in this appeal have tangible consequences in ongoing state proceedings. The district court's 134-day non-engagement leaves Appellant without a federal forum while the state proceedings continue.

## VI. RELEVANCE TO THE APPEAL

These developments reinforce the central argument of the appeal: the district court has failed to engage with the merits of a documented structural challenge to the Title IV-D enforcement scheme. The pattern of non-engagement has now extended to 134 days of non-screening, a missed self-imposed deadline, and the filing of a Second Motion for Judicial Notice that remains unaddressed — while the named Defendants actively litigate

in state court, monitor the federal docket, collect $3,269.00 through federal tax intercepts, and refuse to respond to the federal complaint.

Respectfully submitted,

/s/ RANDALL COLLIER DATE: September 8, 2026

*Randall Collier, Pro Se*
*United States Navy Veteran*
26 Joslin Rd, Surry, NH 03431
(603) 803-2648 | 042611t@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on September 8, 2026, a copy of this letter was mailed by first-class United States Mail to the Office of the New Hampshire Attorney General, 1 Granite Place South, Concord, NH 03301.

/s/ RANDALL COLLIER