September 14th, 2026

Clerk of Court

United States Court of Appeals for the First Circuit

John Joseph Moakley United States Courthouse

1 Courthouse Way, Suite 2500

Boston, MA 02210

**RE: Collier v. State of New Hampshire, et al.**

**First Circuit No. 26-1564**

**District Court No. 1:26-cv-00226-SM-TSM**

## EMERGENCY MOTION TO STAY STATE COURT PROCEEDINGS

## PENDING RESOLUTION OF UNOPPOSED APPEAL

*Pursuant to 28 U.S.C. § 1651 (All Writs Act) and Fed. R. App. P. 8 and 27*

**IMMEDIATE ATTENTION REQUIRED: Appellant faces a bench trial on September 28, 2026 — fifteen (15) days from the date of this Motion — before a presiding officer who is a NAMED DEFENDANT on this Court's September 11, 2026 default order. Without immediate relief, Appellant will be tried by a judge who has DEFAULTED on the federal appeal challenging his own constitutional authority.**

Appellant Randall Collier, appearing In Propria Persona, respectfully moves this Court for an emergency stay of all state court proceedings arising from the Title IV-D enforcement structure challenged in this appeal, pending this Court's resolution of the now-UNOPPOSED appeal.

## I. THE STATE DEFAULTED — THE APPEAL IS UNOPPOSED

1. On September 11, 2026, this Court entered an Order (Document 00118506782) finding that "Appellee State of New Hampshire failed to file a brief and therefore will not be heard at oral argument except by permission of the court." Fed. R. App. P. 31(c). The State's structural defense of the Title IV-D enforcement scheme is now UNOPPOSED before this Court.

2. Despite defaulting at the federal appellate level, the State continues to prosecute Appellant through the same Title IV-D enforcement structure in TWO pending state court proceedings:

(a) Criminal Case No. 449-2026-CR-01046 (8th Circuit Court, Keene) — bench trial scheduled September 28, 2026, on charges arising from a BCSS-directed license suspension. The presiding officer, Judge Tessier, is a NAMED DEFENDANT on this Court's September 11 Order;

(b) Child Support Case No. 649-2025-DM-00255 (8th Circuit Court, Keene) — Show Cause hearing scheduled November 5, 2026. The courthouse itself — 8th Circuit Court, Family Division, Keene — is a NAMED DEFENDANT on this Court's September 11 Order.

5. The State has chosen a posture of selective engagement: it will not defend the constitutionality of the Title IV-D system before this Court, but it will use that same system to prosecute, jail, and extract money from the Appellant who challenged it. This is the definition of proceeding in bad faith.

3. The pattern of constitutional non-engagement at the 8th Circuit Court Keene is documented across multiple officers. Judge Tessier denied Appellant's fiduciary disclosure request in the criminal case on July 29, 2026 — a request filed from jail on July 10, 2026 citing United States v. Holzer, 816 F.2d 304 (7th Cir. 1987), Goldberg v. Kelly, 397 U.S. 254 (1970), and the False Claims Act. His entire response was "Denied."

Judge Hersh separately denied a detailed Fiduciary Disclosure Legal Framework in the child support case, (also filed from jail) citing state Family Court Rule 1.25 over federal constitutional authorities including Tumey v. Ohio, 273 U.S. 510 (1927) and Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009). Two judicial officers of the same courthouse independently denied disclosure of the same Title IV-D financial structure in two separate proceedings. Additionally, Referee Ryan — another named defendant on this Court's September 11 Order — previously stated on the record that "due process rights were irrelevant." The institutional culture of this courthouse is incompatible with constitutional adjudication.

4. Judge Tessier's conduct toward this Appellant demonstrates the institutional lawlessness that requires this Court's intervention. On July 10, 2026, while Appellant was incarcerated on a no-bond hold, Appellant filed a three-page handwritten Petition invoking Fed. R. Civ. P. 60(b)(4), which provides that a void judgment may be attacked at any time without procedural bar. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). The Petition cited United States v. Holzer, 816 F.2d 304 (7th Cir. 1987) (18 years for concealing judicial financial interests), Goldberg v. Kelly, 397 U.S. 254 (1970), and the False Claims Act. Judge Tessier's entire response — to a constitutional challenge citing multiple federal authorities filed by an incarcerated litigant — consisted of three handwritten lines: "Denied. Clerk to send copy of this pleading to recently appointed Defense Counsel. So ordered." He addressed none of the federal authorities. He provided no analysis. He then CONTINUED the criminal proceedings as if no jurisdictional challenge had been raised. This is the same Judge Tessier who now appears as a NAMED DEFENDANT on this Court's September 11 default order and who is expected to preside over the September 28 bench trial.

## II. THE FOUR-FACTOR TEST FOR A STAY IS SATISFIED

### *A. Likelihood of Success on the Merits*

6. The appeal is UNOPPOSED. The State has filed no brief contesting any argument in Appellant's Principal Brief or three 28(j) supplemental authorities. Every factual assertion, every legal argument, and every constitutional challenge stands unrebutted. Under Fed. R. App. P. 31(c), the State will not be heard at oral argument. The likelihood of success is as high as it can be when the opposing party has abandoned the field.

7. The likelihood of success is further strengthened by the admissions of the system's own officers. Referee Forrest — a named defendant on this Court's September 11 Order — stated on the February 5, 2026 hearing CD recording: (a) "I am a circuit court judge appointed by Maggie Hassan"; (b) separately, "I do not practice law"; and (c) "no one needs to sign off on my orders," directly contradicting RSA 493-A:1a which requires a justice's signature. The governing Interagency MOU between DHHS/BCSS and the Administrative Office of the Courts states at page 4, paragraph 7 that its obligations "are not intended to be legally binding and are not legally enforceable." BCSS Chief Staff Attorney Brisson admitted on January 13, 2026 that the child support obligation is "NOT based on any agreement or contract" and that "BCSS counsel represent the State of New Hampshire and do not represent any individual party." The system's own officers and attorneys have confirmed that the adjudicator does not practice law, the governing agreement is not enforceable, the obligation has no contractual basis, and the State is the real party in interest. Additionally, Brisson stated in her August 17, 2026 response that Appellant "has not made a voluntary payment since 10/9/2024." By using the word "voluntary," Brisson distinguished between voluntary payments and involuntary wage garnishments — confirming that eleven years of payments were INVOLUNTARY extractions, not voluntary compliance. A voluntary act cannot be compelled through criminal sanctions, contempt, or incarceration. These admissions — all on the record and unrebutted — are the foundation of the structural challenge the State has now DEFAULTED on.

***B. Irreparable Harm Without a Stay***

8. Without a stay, Appellant faces:

(a) INCARCERATION — a bench trial on September 28 before a named, defaulting defendant (Tessier) on charges arising from the same enforcement system this Court's appeal challenges. Appellant was previously incarcerated for 55 days on a no-bond hold;

(b) CONTEMPT AND COMMITMENT — a Show Cause hearing on November 5 where the State seeks civil contempt for inability to pay child support, enforced through a system the State will not defend before this Court;

(c) CONTINUED FINANCIAL EXTRACTION — the U.S. Treasury has already intercepted $3,269.00 from Appellant's tax refunds through the Title IV-D Treasury Offset Program while the appeal is pending;

(d) ADJUDICATION BY DEFAULTING DEFENDANTS — Tessier, Forrest, Ryan, Johnson, and the 8th Circuit Court Keene are ALL named defendants on this Court's September 11 Order. They cannot impartially adjudicate the cases of the federal plaintiff who sued them.

9. Incarceration, contempt, and financial extraction are irreparable harms that cannot be undone by a later favorable decision on appeal. If Appellant is jailed on September 28 or held in contempt on November 5, a subsequent reversal by this Court cannot restore the liberty or the money already taken.

***C. Balance of Hardships***

10. A stay imposes NO hardship on the State. The State has CHOSEN not to participate in this appeal. The State cannot claim prejudice from a delay in state proceedings when it has defaulted on the federal appeal that determines whether those proceedings are constitutional. A stay merely requires the State to wait for this Court's decision before continuing to prosecute through a system whose constitutionality is now unopposed before this Court.

11. The hardship to Appellant without a stay is severe: potential incarceration, contempt, financial extraction, and adjudication by named defendants who have defaulted on the appeal challenging their authority. The balance overwhelmingly favors a stay.

***D. Public Interest***

12. The public interest favors a stay. The structural challenge in this appeal affects every family processed through New Hampshire's Title IV-D enforcement system — approximately 28,000 families per year. Allowing the State to continue prosecuting through a system whose constitutionality is unopposed before this Court undermines public confidence in the judicial system and subjects thousands of families to an enforcement structure that the State itself will not defend.

13. The NH Legislature is currently considering legislation to eradicate judicial referees and masters — the same officers whose authority this appeal challenges. The public interest in resolving the constitutional question before additional families are harmed is compelling.

## III. THE ALL WRITS ACT AUTHORIZES THIS STAY

14. Under 28 U.S.C. § 1651 (the All Writs Act), this Court may issue "all writs necessary or appropriate in aid of" its jurisdiction. A stay of state proceedings is necessary to preserve the meaningfulness of this appeal. If the State is permitted to jail Appellant, hold him in contempt, and extract money through the system challenged in this appeal — while refusing to defend that system before this Court — any eventual ruling by this Court will be advisory rather than remedial.

15. This Court has inherent authority to protect its jurisdiction and ensure that its decisions are not rendered meaningless by ongoing state proceedings. The State's strategy of defaulting federally while prosecuting at the state level is designed to render the appeal moot through fait accompli. A stay prevents this.

## IV. RELIEF REQUESTED

16. Appellant respectfully requests that this Court:

(a) Stay all state court proceedings in Case No. 449-2026-CR-01046 (criminal) and Case No. 649-2025-DM-00255 (child support) pending this Court's resolution of this UNOPPOSED appeal;

(b) In the alternative, expedite the resolution of this appeal given the State's default and the imminent September 28 bench trial before a named, defaulting defendant;

(c) Prohibit the State from incarcerating, holding in contempt, or extracting money from Appellant through the Title IV-D enforcement structure while this appeal is pending;

(d) Grant such other relief as this Court deems just and proper.

Respectfully submitted,


/s/ RANDALL COLLIER DATE: September 14th, 2026
*Randall Collier, In Propria Persona*
*United States Navy Veteran*
26 Joslin Rd, Surry, NH 03431
(603) 803-2648 | 042611t@gmail.com


## CERTIFICATE OF SERVICE

I certify that on the date indicated, a copy of this Motion was mailed by first-class United States Mail to the Office of the New Hampshire Attorney General, 1 Granite Place South, Concord, NH 03301.

/s/ RANDALL COLLIER