September 15, 2026

Clerk of Court

United States Court of Appeals for the First Circuit

John Joseph Moakley United States Courthouse

1 Courthouse Way, Suite 2500

Boston, MA 02210

**RE: Collier v. State of New Hampshire, et al.**

**First Circuit No. 26-1564**

**District Court No. 1:26-cv-00226-SM-TSM**

## FOURTH SUPPLEMENTAL AUTHORITY UNDER FRAP 28(j)

Dear Clerk:

Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiff-Appellant respectfully advises the Court of the following developments:

### I. CHIEF JUSTICE MACDONALD RESIGNED TODAY

On September 15, 2026, the New Hampshire Supreme Court entered an Order in JD-2026-0004 accepting the resignation of Chief Justice Gordon J. MacDonald after the Judicial Conduct Committee found that he admitted to violating three canons of the Code of Judicial Conduct (JC-2025-0079-C). A copy of the Order is attached.

Chief Justice MacDonald's admitted violations are directly relevant to this appeal. All three violations involved the improper removal and reappointment of Dianne Martin as

Director of the Administrative Office of the Courts (AOC). The AOC is the judicial branch party to the Interagency Memorandum of Understanding between DHHS/BCSS and the AOC — the same MOU that Appellant challenges as the governing instrument of the Title IV-D enforcement structure at the center of this appeal. The AOC is also the target of Appellant's pending subpoena duces tecum in the state child support proceeding.

Specifically, Chief Justice MacDonald admitted to: (a) failing to promote public confidence in the impartiality of the judiciary (Canon 1, Rule 1.2); (b) failing to perform administrative duties competently and diligently regarding the AOC Director's removal (Canon 2, Rule 2.5(A)); and (c) failing to exercise the power of administrative appointment impartially and on the basis of merit regarding the AOC Director's appointment (Canon 2, Rule 2.13(A)). The Chief Justice who supervised the Family Division, the referees, and the MOU that Appellant challenges has resigned for improperly manipulating the leadership of the very office that administers the Title IV-D enforcement structure.

The state judicial system cannot provide meaningful appellate review of Appellant's structural challenge to the Title IV-D enforcement scheme when the head of that system has resigned under admitted ethical violations involving the office at the center of the scheme. This Court's intervention is the only remaining path to constitutional review.

**II. ERRATUM**

Appellant's Emergency Motion to Stay State Court Proceedings, filed September 14, 2026, stated at paragraph 3 that Referee Ryan described due process rights as "irrelevant." The precise language in Judge Ryan's January 27, 2026 Order (Case No. 449-2025-CR-02151) was that Appellant's due process arguments were "without merit." The substance is unchanged — a named defendant who has defaulted before this Court ruled that due process has no merit in his courtroom.

Respectfully submitted,

/s/ RANDALL COLLIER DATE: September 15, 2026

*Randall Collier, In Propria Persona*
*United States Navy Veteran*
26 Joslin Rd, Surry, NH 03431
(603) 803-2648 | 042611t@gmail.com

## CERTIFICATE OF SERVICE

I certify that on September 15, 2026, a copy of this letter was served by first-class United States Mail upon the Office of the New Hampshire Attorney General, 1 Granite Place South, Concord, NH 03301.

/s/ RANDALL COLLIER

***ATTACHMENT: NH Supreme Court Order, JD-2026-0004, In the Matter of Gordon J. MacDonald, dated September 15, 2026 (3 pages)***

**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**ORDER**

**JD-2026-0004, In the Matter of Gordon J. MacDonald**

On September 9, 2026, the Judicial Conduct Committee (JCC) filed a Summary Report of its proceedings, findings, and recommendations in JC-2025-0079-C, In re: The Honorable Gordon J. MacDonald, and a certified copy of the record of its proceedings in the matter.

According to the JCC's Summary Report, Chief Justice MacDonald admitted that he had violated three canons of the Code of Judicial Conduct. The JCC's Summary Report includes Exhibits A-Q ("Record"), which includes, inter alia, a copy of the Complaint (Ex. O), Chief Justice MacDonald's Response to the Complaint (Ex. P), and the Stipulation and Agreement (Ex. Q). In the Stipulation and Agreement, which is executed by the parties, Chief Justice MacDonald admits to committing specific violations of the Code of Judicial Conduct, acknowledges that the JCC would enter findings that he had violated those provisions of the Code of Judicial Conduct, and waives his right to a de novo hearing on the charges. In addition, he acknowledges that the JCC's findings and disposition would be final pursuant to New Hampshire Supreme Court Rule 40(12)(d)(1) and (2). In addition, Chief Justice MacDonald agrees to resign his judicial appointment, effective upon this Court's approval of the Stipulation and Agreement.

The Summary Report and the Stipulation and Agreement set forth the uncontested and agreed upon findings that Chief Justice MacDonald violated the following sections of the Code of Judicial Conduct and that the violations warrant formal discipline, see Supreme Court Rule 40(12)(d):

a. Chief Justice MacDonald, in violation of Canon 1, Rule 1.2, failed to act in a manner that promotes public confidence in the impartiality of the judiciary and failed to avoid the appearance of impropriety.

b. Chief Justice MacDonald, in violation of Canon 2, Rule 2.5 (A), failed to perform his administrative duties competently and diligently in

connection with the characterization, processing and public explanation of Dianne Martin's removal and reappointment, including by bypassing established Judicial Branch rules and procedures in extending her a position without the competitive, merit-based process required of other Judicial Branch employees.

c. Chief Justice MacDonald, in violation of Canon 2, Rule 2.13 (A), failed to exercise the power of administrative appointment impartially and on the basis of merit, and failed to avoid favoritism with respect to the removal of Dianne Martin as Director of the Administrative Office of the Courts (AOC) and appointment as Bar Counsel.

Rule 40(13) provides the Court's procedure when the JCC determines that a judge has violated the Code of Judicial Conduct and determines that the violations warrant formal disciplinary action by the Supreme Court. This Rule states "[u]pon receipt of a report of the findings and record of the proceedings before the committee under section 12(d)(2), or after a de novo hearing before a judicial referee under subsections 12(c)(1) and 12(d)(1), the supreme court shall set the matter down for briefing and oral argument which shall be open to the public." However, considering Chief Justice MacDonald's acknowledgement of the violations, the terms of the executed Stipulation and Agreement, and because the parties have not requested a hearing, the Court finds that a hearing is unnecessary.

Accordingly, after careful review of the Record, the Court determines that the JCC's findings of fact are supported by the Record. See Rule 40(13). The Court also approves the Stipulation and Agreement. Further, the Court finds that because Chief Justice MacDonald has resigned as a judge, no additional disciplinary action is available.

Also, in accordance with Rule 40(13-A), and the terms of the Stipulation and Agreement, Chief Justice MacDonald is ordered to reimburse the AOC for the attorney's fees and expenses that the JCC incurred to investigate and prosecute the matter. Payment shall be made on or before December 31, 2026.

Finally, it is noted that Exhibit P to the Record was submitted to the Court with certain redactions. Upon review of Exhibit P, the Court has noted that a limited number of additional, non-substantive redactions are appropriate to protect personal email addresses, home addresses, personal telephone numbers, and confidential call-in codes. The Clerk of Court has made those additional, non-substantive redactions to Exhibit P and provides the parties with a redacted version of Exhibit P which may be made available to the public, along with all

other sections of the Record, upon issuance of this Order. In light of this Order, the motion to seal the Record is moot.

Nadeau, J., retired Superior Court Chief Justice, and Attorri, Honigberg, MacLeod, and Kennedy, JJ., Superior Court Justices, all specially assigned by Supreme Court order, concurred.

So ordered.

DATE: September 15, 2026

ATTEST:

**Timothy A. Gudas, Clerk**

Distribution:
Judicial Conduct Committee, JC-25-079-C
Philip R. Waystack, Jr., Esq.
Andrew F. Cotrupi, Esq.
Mark D. Morrissette, Esq.
Jane E. Young, Esq.
Hunter D. Aldenberg, Esq.
George D. Jonson, Esq.
David J. Sachar, Esq.
File